UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXYS C. HAWKINS,

    Plaintiff,

Case No. 16-cv-10316
Hon. Matthew F. Leitman

v.

DETROIT PUBLIC SCHOOLS *et al.*,

    Defendants.

_____/

**ORDER (1) OVERRULING DEFENDANTS' OBJECTIONS (ECF #39) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #35), (2) ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION, AND (3) DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF #23)**

In this action, Plaintiff Alexys Hawkins claims that the Defendants, the Detroit Public Schools and four Detroit Public Schools Police Department police officers, used excessive force against her when they arrested her on February 15, 2013. (*See* Complaint, ECF #1.) On September 18, 2016, the Defendants moved for summary judgment. (*See* ECF #23.) Among other things, the Defendants argued that (1) Hawkins' claims were barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) Defendants were entitled to qualified immunity, and (3) Hawkins could not establish municipal liability with respect to Detroit Public Schools. (*See id.*)

On May 5, 2017, the assigned Magistrate Judge issued a Report and Recommendation (the "R&R") in which he recommended that the Court deny Defendants' motion. (*See* ECF #35.) Following an unsuccessful attempt to resolve this dispute, Defendants filed timely objections to the R&R on June 5, 2017. (*See* ECF #39.)

Defendants' objections are deficient because they do not attempt to show an error *in the Magistrate Judge's analysis*. In fact, the objections *never* mention that analysis. They refer to the R&R only in passing – with the sole references being their requests that the Court "decline the Magistrate Judge's recommendation" (*see*, *e.g.*, Objections, ECF #39 at Pg. ID 870) – without ever addressing the substance of the Magistrate Judge's reasoning. And the objections do not address most of the case law upon which the Magistrate Judge relied. Instead of attempting to show how and where the Magistrate Judge erred, Defendants repeat, in many instances verbatim, the same factual background and legal argument sections that were presented in the motion papers and reply. (*Compare*, *e.g.*, Summary Judgment Mot., ECF #23 at Pg. ID 226-236, 241-42, and 869-70 to Objections, ECF #39 at Pg. ID 857-866, 869-70, and 876; and Summary Judgment Reply Br., ECF #30 at Pg. ID 768-69 to Objections, ECF #39 at Pg. ID 868-69.).

As the United States Court of Appeals for the Sixth Circuit has held, where a party presents objections that do "not specifically address how [a] report's factual

and legal recommendations [are] incorrect," those objections are "waived." *Fields v. Lapeer 71-A District Court Clerk*, 2 Fed. App'x 481, 482 (6th Cir. 2001). Indeed, where an objecting party fails to focus the district court's attention on a specific flaw in the Magistrate Judge's analysis, "the initial reference to the magistrate [ends up being] useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard v. Sec'y of Health and Human Svcs.*, 932 F.2d 505, 509 (6th Cir. 2001). Because Defendants have failed to address the Magistrate Judge's analysis, the Court deems their objections ineffective and waived. *See Potter v. Comm'r of Soc. Sec.*, 2015 WL 452173, at *4 (E.D. Mich. Feb. 3, 2015) (holding objections to report and recommendation were waived where objections were "nothing more than a re-submission of [plaintiff's] original motion for summary judgment" and did not address reasoning of the Magistrate's report).

Defendants' objections suffer from an additional flaw: they have introduced a new argument that was not included in their motion papers and reply. The new argument relates to Defendants' qualified immunity defense. In Defendants' motion papers, they argued that they were entitled to qualified immunity in part because Plaintiff's testimony about the conduct of the Defendants at her criminal trial was speculative. (*See* Summary Judgment Mot, ECF #23 at Pg. ID 244-45.) In

3

Defendants' objections, they argue that they are entitled to qualified immunity for a *different* reason: because the officers "were faced with a rapidly evolving, tense and uncertain chaotic scenario where they were severally outnumbered and students were pushing, running and fighting all over the school." (Objections, ECF #39 at Pg. ID 875.) The Court sees no compelling reason to permit Defendants to raise this new argument in their objections, and thus the Court declines to consider it. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (noting that "[c]ourts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq*., permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate").

Accordingly, **IT IS HEREBY ORDERED** that Defendants' objections to the Magistrate Judge's R&R (ECF #39) are **OVERRULED**. **IT IS FURTHER ORDERED** that the Magistrate Judge's recommended disposition of Defendants' motion for summary judgment (ECF #23) is **ADOPTED** and the motion is therefore **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 12, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 12, 2017, by electronic means and/or ordinary mail.

           s/Holly A. Monda
           Case Manager
           (810) 341-9764